IN THE CIRCUIT COURT FOR IN AND
FOR THE 9TH JUDICIAL CIRCUIT FOR
ORANGE COUNTY, FLORIDA

ROHAN RAMLACKHAN

     Plaintiff,                        CASE NO.

v.

WESTGATE MARKETING, LLC,
a Florida Limited Liability Company,

     Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ROHAN RAMLACKHAM ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, WESTGATE MARKETING, LLC, (Hereinafter, "WESTGATE"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages up to but not exceeding $50,000 excluding attorneys' fees and costs pursuant to violation of the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Orange County, Florida, working for Defendant through their 5601 Windhover Dr., Orlando, FL

1

32819 location which is in the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant WESTGATE is a Florida Limited Liability Company having its main place of business in ORANGE County, Florida, and Plaintiff worked for Defendant as an hourly employee and at all times material hereto was and is engaged in interstate commerce.

5. Defendant WESTGATE is a covered employer for purposes of the FLSA.

6. Venue is proper in ORANGE County because all of the actions that form the basis of this Complaint occurred within or are directly associated with the main store in ORANGE County and payment was due in from Defendant's location in ORANGE County.

7. Defendant is a covered employer per the FLSA as Defendant does business internationally and  grosses well over $500k per year.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10. Plaintiff performed work for Defendants as starting in January of 2007.

11. Plaintiff worked at his position closing time cards and doing reports since March of 2008.

12. Plaintiff was an hourly worker earning about $21.40 per hour for all hours worked.

13. Plaintiff was regularly working overtime but was not paid for the overtime.

14. Plaintiff was required to work so much that he started taking PTO during work hours to complete his tasks.

15. Plaintiff complained to management and asked to be converted to a salaried employee.

16.    Plaintiff was earning about $1200 per week.

17.    Plaintiff was terminated for pretextual reasons on or about October 1, 2024 after complaints of not being paid overtime.

18.    Plaintiff complained to Heather Tritchel, one of Defendant's administrators.,

19.    Plaintiff was regularly required to take phone calls after hours and work while he was on vacations, without overtime pay.

20.    After working off the clock for years and using PTO in order to work and benefit his employer, with full knowledge, Plaintiff's boss, Heather Tritchel, on or about September 25, 2024, complained of plaintiff's work hours.

21.    Giovanna McNally and Heather Tritchel, after being informed multiple times by Plaintiff that he was working well over 40 hours per week but was not getting paid time and a half, they terminated him for pretextual reasons.

22.    Plaintiff estimates about 200 hour of overtime were worked but not paid for the last year and every year.  This is a minimum of approximately $6000 in unpaid overtime per year but may end up quite higher after discovery.

23.    This underpayment was intentional as was all of the after hours work plaintiff engaged in and was not paid as management was well aware that hey were having plaintiff work from home and take calls when he was off the clock.

24.    All unpaid overtime hours were known and intentionally unpaid by defendant.

25.    Defendant's nonpayment of overtime wages was intentional and knowing.

26.    Plaintiff was a W2 worker and not an independent contractor.

27.    Defendant failed to keep accurate records of Plaintiff's hours worked.

28.    Plaintiff regularly complained to Defendants about the unpaid and owed overtime wages.

3

29.    Defendants failed to pay Plaintiff for all hours of overtime worked.

30.    Plaintiff complained of unpaid overtime and as a result, defendant, in order to avoid paying monies due, retaliated by shutting down the business and terminating Plaintiff's employment.

31.    Throughout his employment, Plaintiff performed his work at satisfactory or above-satisfactory levels.  Any reason proffered by Defendant for Plaintiff's non-payment of wages is merely pretext for unlawful retaliation.

32.    At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement that Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by and not in violation of the laws of the United States and the State of Florida.

33.    Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

<u>**COUNT I**</u>
***Wage & Hour Federal Statutory Violation Against***
**WESTGAGE**

34.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 33 of this complaint as if set out in full herein.

35.    This action is brought by Plaintiff to recover from Defendants unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

36.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

37.   At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

38.   Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

39.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).   Defendant's business activities involve those to which the Fair Labor Standards Act applies.   The Plaintiff's work for the Defendant likewise affects interstate commerce.   Defendant also markets and sells resort time in Las Vegas, NV.

40.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

41.   At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

5

42. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

43. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *FLSA Retaliation against*

6

**WESTGATE**

53.     Complainant re-adopts each and every factual allegation as stated in paragraphs 1 through 33 of this complaint as if set out in full herein.

54.     29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

55.     Respondent's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

56.     The motivating factor that caused Complainant's adverse employment action as described above was Complainant's complaint regarding not being properly paid for all hours worked, overtime hours and being misclassified.

57.     The Respondent's conduct was in direct violation of the FLSA, and, as a direct result, Complainant has been damaged.

**WHEREFORE**, Complainant respectfully prays for the following relief against Respondent:

H.      Adjudge and decree that Respondent has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Complainant rights;

I.      Award Complainant actual damages in the amount shown to be due for unpaid wages, with interest; and

J.      Award Complainant an equal amount in double damages/liquidated damages; and

K.      Award Complainant the costs of this action, together with reasonable attorneys' fees; and

7

L.    Grant Complainant such additional relief as the Court deems just and proper.


**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date:  December 16, 2024

Respectfully submitted,


/s/ Daniel H. Hunt

DANEIL H. HUNT, ESQ.
Florida Bar No. 121247
THE MIAMI SHARK, P.A.
P.O. BOX 565096
MIAMI, FL 33256
dhuntlaw@gmail.com
dan@themiamishark.com
nicole@themiamishark.com
Phone: 305-495-5593