UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROHAN RAMLACKHAN,

       Plaintiff,

    vs.                           Case No. 6:25-cv-00068-GAP-RMN

WESTGATE MARKETING, LLC

       Defendant.

_____

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Westgate Marketing, LLC ("Westgate" or "Defendant") files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, ROHAN RAMLACKHAN ("Plaintiff"), and states as follows:

**General Allegations**

1.     Defendant admits that this purports to be an action under the Fair Labor Standards Act ("FLSA") but deny the rest of the allegations in paragraph 1 of the Complaint as well as the merits of Plaintiff's claims.

2.     Defendant admits that this Court has original jurisdiction over FLSA actions but denies the merits of Plaintiff's claims.

1

3.     Defendant admits that Plaintiff lives in Orange County and that the office located at 5601 Windhover Drive is similarly located within the jurisdiction of this Court but denies the rest of the allegations in paragraph 3 of the Complaint.

4.     Defendant admits that it is a limited liability company located in Orange County, Florida but denies the rest of the allegations in paragraph 4 of the Complaint.

5.     Denied.

6.     Defendant admits that venue is proper in Orange County but denies the rest of the allegations in paragraph 6 of the Complaint.

7.     Denied.

8.     Denied.

9.     Denied.

### Factual Allegations Common to All Counts

10.     Defendant admits that Plaintiff was initially hired by Defendant in 2007 but denies that it was Plaintiff's employer after September 20, 2024.

11.     Defendant admits that Plaintiff's job duties involved being a timekeeper, but Defendant denies the rest of the allegation.

12.     Denied, Plaintiff's rate of pay at the time of his discharge was $21.29.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.   The payroll records speak for themselves.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Defendant admits that Plaintiff was classified as a W-2 employee.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied. Plaintiff was paid for all hours worked in compliance with both state and federal requirements.

33.   Defendant admits that Plaintiff has retained an attorney for this matter but denies the rest of the allegations in the Complaint.

## COUNT I
### Wage & Hour Federal Statutory Violation Against WESTGATE

34.   Defendant readopts each and every answer as fully set out in paragraphs 1 through 33 of this Answer.

35.   While Defendant admits that Plaintiff has filed an action, Defendant denies that Plaintiff is entitled to any relief sought.

36.   Defendant admits that this Court has jurisdiction over FLSA claims.

37.   Denied.

38.   Denied.

39.   Denied.

40.   Denied.

41.   Denied.

42.   Denied.

43.   Denied.

Defendant denies that Plaintiff is entitled to any relief sought in the WHEREFORE clause and subsections (A) through (G).

## COUNT IV[1]
### FLSA Retaliation Against WESTGATE

---

[1] Defendant is following Plaintiff's numbering as listed in the Complaint.

4

53.    Defendant readopts each and every answer as fully set out in paragraphs 1 through 33 of this Answer

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

Defendant denies that Plaintiff is entitled to any relief sought in the WHEREFORE clause and subsections (H) through (L).

## DEMAND FOR JURY TRIAL

Defendant denies that Plaintiff is entitled to any relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted, under any theory of law.

### SECOND AFFIRMATIVE DEFENSE

Defendant is not an employer as defined by the FLSA.

### THIRD AFFIRMATIVE DEFENSE

Defendant was not Plaintiff's employer as of September 20, 2024. After that time and until his discharge, Plaintiff was employed by WR Vacation Marketing, LLC. at the time of his discharge.

5

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff received wages for all hours worked, including overtime wages when he worked overtime hours.  And Defendant has paid Plaintiff for all hours worked in accordance with the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are barred by the provisions of Section 4 of the Portal to Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in activities which were non-compensable such as taking certain breaks, taking time off, taking care of personal business or traveling to the actual place of performance.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated damages under the FLSA are barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 260, as Defendant at all times acted in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that the time for which Plaintiff seeks compensation under the FLSA is *de minimis*, thus claims for unpaid wages is barred under the *de minimis* doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff never engaged in any protected activity under the FLSA at any time during his employment or prior to his discharge.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as there is no causal connection between any adverse employment action taken against Plaintiff and Plaintiff's alleged protected activity.

## TENTH AFFIRMATIVE DEFENSE

Defendant's employment decisions involving Plaintiff were taken for legitimate, non-discriminatory, non-pretextual and non-retaliatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant has a non-pretextual reason for discharging Plaintiff as he altered time records and failed to comply with his duties as a timekeeper.

## TWELVETH AFFIRMATIVE DEFENSE

Defendant pleads all applicable limitations periods, both as a bar to the claims and requests for relief asserted in the Complaint and as limitations upon evidence to be admitted or considered in connection with any proceedings in this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's Complaint is barred, in whole or in part,

7

by the doctrines of waiver, estoppel, accord and satisfaction, and/or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Without assuming liability, Plaintiff's claims are barred and any recovery by Plaintiff should be reduced to the extent he failed to mitigate his alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any amount which Plaintiff claims is due and owing to him for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which he seeks lost wages and benefits. To the extent Plaintiff has failed to make reasonable attempts to mitigate his damages, Plaintiff's claimed damages must be reduced.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to recover its costs of court and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

8

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to Plaintiff's alleged damages.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to set-off against any payments received by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he seeks injunctive, declaratory, and/or other equitable relief, as Plaintiff has an adequate remedy at law and has suffered no irreparable harm due to any alleged conduct of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover costs or attorney's fees because Defendant acted in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's supposed damages are barred, in whole or in part, because any alleged statutory violations on Defendant's part, which are denied, were not intentional or willful.

Defendant reserves its right to supplement or modify their answer and affirmative defenses based on discovery.

DATED: January 23, 2025.

By: */s/ Myrna Maysonet*
MYRNA MAYSONET
Florida Bar No. 429650
GREENSPOON MARDER LLP
201 E. Pine Street, Suite 500
Orlando, FL  32801
(407) 425-6559
Myrna.Maysonet@gmlaw.com
Moneka.Simpson@gmlaw.com

RICHARD W. EPSTEIN
Florida Bar No. 229091
GREENSPOON MARDER LLP
200 E Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
(954) 491-1120
Richard.Epstein@gmlaw.com
Maria.Salgado@gmlaw.com

Attorneys for Defendant *Westgate Marketing LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed the foregoing with the Clerk of Court via CM/ECF this 23rd day of January, 2025 to Daniel H. Hunt, Esq.; dhuntlaw@gmail.com and Jewell Gentry-Mickelson, Esq., jewell@themiamishark.com;  PO Box 565096, Miami, FL 33256; attorneys of record for Plaintiff.

*/s/ Myrna Maysonet*

10